# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JENNIFER MCLELLAN,

      Plaintiff,

CASE NO. _____

v.

CENTRIA HEALTHCARE LLC,

      Defendant.

---

| | |
|---|---|
| Scott P. Batey  (P54711)<br>BATEY LAW FIRM, PLLC<br>30200 Telegraph Road, Suite 400<br>Bingham Farms, Michigan 48025<br>(248) 540-6800<br>sbatey@bateylaw.com<br><br>*Attorney for Plaintiff* | Gary C. Ankers  (P41599)<br>LITTLER MENDELSON, P.C.<br>200 Renaissance Center, Suite 3110<br>Detroit, Michigan 48243<br>(313) 446-6400<br>gankers@littler.com<br><br>*Attorneys for Defendant* |

---

## **DEFENDANT'S NOTICE OF REMOVAL**

Centria Healthcare LLC (hereinafter referred to as "Defendant"), by its attorneys, Littler Mendelson, P.C., gives notice that the above action is removed from the Circuit Court for the County of Wayne, State of Michigan, in which Court said cause is now pending, to the United States District Court for the Eastern District of Michigan.

IN SUPPORT THEREOF, Defendant states as follows:

1. On or about the 30th day of September, 2022, an action was commenced against Defendant in the Circuit Court for the County of Wayne, State of Michigan, entitled *Jennifer McLellan v. Centria Healthcare LLC*, Case No. 22-011609-CD. Plaintiff served the Summons and Complaint on Defendant on or about October 3, 2022, and copies are attached, hereto as Exhibit 1.

2. The aforesaid documents (Exhibit 1) constitute all process, pleadings and orders served upon Defendant in this action.

3. This action is one of which this Court has original jurisdiction under the provisions of Title 28, United States Code, Section 1331 (federal question), and is one which may be removed to this Court by Defendant pursuant to the provisions of Title 28, United States Code, Section 1441, in that it is an action of civil nature arising under the laws of the United States for the following reasons:

    a. This Court has original jurisdiction of this matter under the provisions of The Family and Medical Leave Act of 1993, 29 U.S.C. 2601 et. seq., "Plaintiff brings this action for damages stemming from the acts and/or omissions of Defendant constituting an adverse employment action, including termination, and discrimination which resulted in emotional and economic damages to the Plaintiff in violation of the Family and Medical Leave Act ('FMLA')" (Complaint, ¶4); "Count 1 – Retaliation Under FMLA" (Complaint, ¶41-¶54) and "Count II – Interference Under FMLA" (Complaint, ¶55-¶62).

4. This Notice of Removal is being filed within thirty (30) days of service upon Defendant.

6. Pursuant to 28 U.S.C. § 1446(d), true and correct copies of this Notice of Removal have been served upon Plaintiff and Defendant has timely filed a copy of this Notice of Removal with the Clerk of the Wayne County Circuit Court.

WHEREFORE, Defendant gives notice of removal of this cause from Wayne County Circuit Court to this Court.

Dated: October 31, 2022

*/s/ Gary C. Ankers*
Gary C. Ankers (P41599)
LITTLER MENDELSON, P.C.
200 Renaissance Center, Suite 3110
Detroit, Michigan 48243
(313) 202-3222
gankers@littler.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the pleadings on October 31, 2022, via:

| X | U. S. Mail | | Facsimile |
|---|---|---|---|
| | ECF Filing | | Hand Delivery |
| X | E-Mail | | Federal Express |

*/s/ Gary C. Ankers*
Gary C. Ankers

# EXHIBIT 1

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

JENNIFER MCLELLAN,

    Plaintiff,

v.

CENTRIA HEALTHCARE LLC,

    Defendant.

Case No. 22-    -CD

Hon.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court nor has any such action previously been filed and dismissed or transferred after having been assigned to a Judge.

## **PLAINTIFF'S COMPLAINT**

NOW COMES, Plaintiff, Jennifer McLellan (hereinafter "Plaintiff"), by and through her attorneys, Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant states as follows:

1. Plaintiff, Jennifer McLellan, is a resident of the City of Redford, County of Wayne and State of Michigan.

2. Defendant, Centria Healthcare LLC (hereinafter "Defendant"), is a domestic profit corporation authorized to do business in the County of Wayne, State of Michigan whose resident address is 40600 Ann Arbor Road East, Ste 200, Plymouth, MI 48170.

3. Defendant has a place of business within this district and Jurisdiction and Venue are otherwise proper in this Court pursuant to MCL § 600.1621.

4. Plaintiff brings this action for damages stemming from the acts and/or omissions of Defendant constituting an adverse employment action, including termination, and discrimination which resulted in emotional and economic damages to the Plaintiff in violation of the Family and Medical Leave Act ("FMLA").

5. The amount in controversy exceeds $25,000.00 and is otherwise within the Jurisdiction of this Court.

**GENERAL ALLEGATIONS**

6. Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

2

7. On or around October 2018, Plaintiff began her employment with Centria Healthcare LLC as a Financial Clearance Specialist in the field of healthcare and insurance.

8. Before employment by Defendant, Plaintiff acquired over twenty years of experience in insurance.

9. During Plaintiff's employment, she had a great work record and had no negative encounters with management prior to October 2019.

10. Plaintiff exceeded in her original role so much so that Defendant allowed her to supervise her own team of five employees.

11. Plaintiff enjoyed her position and her managers.

12. On or around October 2019, Charle Trojanek ("Trojanek") was hired and was positioned as Plaintiff's direct manager.

13. Besides Trojanek's oversight, Plaintiff worked independently and effectively managed her team.

14. Trojanek was dismissive of Plaintiff's ideas and suggestions in the workplace, and he demonstrated early on that he did not respect Plaintiff's experience or role.

15. As Plaintiff's direct manager, Trojanek was responsible for disciplining Plaintiff.

16. Trojanek was disliked by those who worked with him, and he was known for hovering over employees' shoulders while they worked creating an intimidating environment.

17. On or about November 2019, only a month after Defendant hired Trojanek, Plaintiff sought leave under the Family Medical and Leave Act (FMLA).

18. Plaintiff properly requested leave from Defendant's Human Resources Department.

19. Plaintiff's qualifying reason was her anxiety and panic attacks stemming from her work environment coupled with her need to care for her daughter.

20. Dr. Brittani Marshall cared for both Plaintiff's and Plaintiff's daughter's serious health conditions.

21. Plaintiff's daughter was diagnosed with febrile seizures which caused her to seize when a fever spiked and resulted in multiple doctor visits and even hospital stays.

22. Plaintiff was the primary caretaker for her daughter.

23. Plaintiff requested FMLA for the following dates:

   a. November 1-4th, 2019;
   b. November 14th, 2019;
   c. January 29th, 2020;
   d. March 2-5th, 2020;

24. Defendant's Human Resource Department granted Plaintiff leave for all the above requested dates and referred to the leave as "Intermittent FMLA."

25. On or around January 2020, Plaintiff's grandmother died, and she took allowed bereavement leave for the funeral.

26. Defendant requested Plaintiff produce grandmother's obituary as proof of loss. Plaintiff complied with request.

27. During this time, Plaintiff overheard Trojanek state to another employee "well I can't fire her now," in reference to Plaintiff taking additional time off for bereavement leave.

28. On or around March 2 through March 5, 2020, Plaintiff's daughter was admitted into the hospital for respiratory failure.

29. Plaintiff requested and was granted FMLA to be with her daughter.

30. Plaintiff and Trojanek's relationship continued to be hostile due to her use of FMLA leave.

31. On or around March 6, 2020, directly following Plaintiff's granted FMLA leave following her daughter's hospitalization, Trojanek cited Plaintiff for tardiness and administered a false written warning for her alleged misbehavior.

32. Plaintiff's written warning was inaccurate and presented a clear misunderstanding between the two individuals. Plaintiff was not supposed to be at work until late morning, but Trojanek wrote her up anyway.

33. On or about March 25, 2020, Plaintiff was notified that Defendant intended to furlough her because of Covid-19.

34. On or about March 30, 2020, Plaintiff and her team were furloughed.

35. On or about May 8, 2020, Defendant terminated Plaintiff.

36. No one else on Plaintiff's team was terminated.

37. All of Plaintiff's team retained their jobs, including Trojanek, and were re-positioned to a team named "Financial Navigation Team" with Trojanek as direct manager.

38. Any basis for Plaintiff's termination was clearly pre-textual and not based in fact, and the actual reason she was terminated was her use of FMLA leave.

39. Upon information and belief, Defendant replaced Plaintiff by hiring a new team lead and other out of state employees following Plaintiff's termination. (Exhibit "B", LinkedIn Job Posting).

40. Defendants' actions were intentional or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

## COUNT I
## RETALIATION UNDER FMLA

41. Plaintiff incorporates by reference paragraphs 1 through 40 of the Complaint as though fully set forth herein.

42. Plaintiff was an employee of Defendant, eligible for FMLA leave.

6

43. Defendant was Plaintiff's "employer" within the meaning of the FMLA.

44. Plaintiff was entitled for up to 12 weeks FMLA leave per year for a serious medical condition, her anxiety and panic attacks, and for care of her daughter who has a serious health condition: febrile seizures and respiratory failure.

45. Plaintiff had not used all her FMLA time.

46. Defendant knew of Plaintiff's FMLA leave because Plaintiff used the appropriate outlets, requests to Defendant's Human Resource Department, which notified the company and her direct manager, Trojanek, of her legal use of FMLA.

47. Trojanek had correspondence with Human Resource Department because he knew Plaintiff took leave for bereavement which was evidence that he received notice of her leaves.

48. Trojanek's statement regarding Plaintiff's bereavement, "well I can't fire her now," demonstrated his intention to retaliate against Plaintiff for taking FMLA leave.

49. Trojanek and Defendant employer waited until they could use another legal reason, Covid-19 reductions, to terminate Plaintiff.

50. Defendant's stated reason for termination was false.

7

51. Defendant did not eliminate Plaintiff's position because Defendant replaced Plaintiff and then continued employment of the entirety of Plaintiff's team and Trojanek.

52. Defendant retaliated against Plaintiff for her use of FMLA time by terminating her, which is an adverse employment action under the FMLA and considered pretext.

53. Defendant's true motive for their adverse employment decision was because of Plaintiff's use of FMLA.

54. As a direct and proximate result, Plaintiff has sustained damages including, but not limited to loss of income and attorney fees.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest, attorney fees and punitive/treble damages as allowed by statute and any other relief this Honorable Court deems appropriate.

## COUNT II
## INTERFERENCE UNDER FMLA

55. Plaintiff incorporates by reference paragraphs 1 through 54 of the Complaint as though fully set forth herein

56. Plaintiff was an employee of Defendant, eligible for FMLA leave.

57. Defendant was an "employer" within the meaning of the FMLA.

58. Defendant furloughed and subsequently terminated Plaintiff.

8

59. Plaintiff had not used all of her FMLA time at the point of her termination.

60. Defendant's termination of Plaintiff interfered with Plaintiff's ability to use FMLA in the future.

61. Plaintiff continued to need FMLA to care for her hospitalized daughter and to address her own medical needs.

62. Defendant's single act of terminating Plaintiff constitutes both interference and retaliation under the FMLA.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $25,000.00, plus exemplary damages, together with costs, interest, attorney fees and punitive/treble damages as allowed by statute and any other relief this Honorable Court deems appropriate.

    Respectfully submitted,

    **BATEY LAW FIRM, PLLC**

By: <u>/s/Scott P. Batey</u>
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, Michigan 48025
    (248) 540-6800
    sbatey@bateylaw.com

Dated: September 30, 2022

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

JENNIFER MCLELLAN,

    Plaintiff,

v.

CENTRIA HEALTHCARE LLC,

    Defendant.

Case No. 22-    -CD

Hon.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

## **DEMAND FOR JURY TRIAL**

NOW COMES, Plaintiff, Jennifer Mclellan, by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

        Respectfully submitted,

        **BATEY LAW FIRM, PLLC**

By: <u>/s/ Scott P. Batey</u>
    SCOTT P. BATEY (P54711)
    Attorneys for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, Michigan 48025
    (248) 540-6800
    sbatey@bateylaw.com

Dated: September 30, 2022